IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laverne Coakley,<br><br>     Plaintiff,<br>vs.<br><br>United States Postal Service,<br><br>     Defendant. | Civil Action No. 3:18-cv-1086-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff Laverne Coakley ("Plaintiff") seeks recovery from Defendant United States Postal Service ("Defendant") for alleged interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq* ("FMLA"). The matter is before the court on Defendant's motion for summary judgment. ECF No. 27. Plaintiff filed a response. ECF No. 34. Defendant replied. ECF No. 35.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On January 3, 2020, the Magistrate Judge issued a Report recommending Defendant's motion be granted in part as to the interference claim, but denied on the retaliation claim. ECF No. 36. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendant filed objections to the Report on January 17, 2020. ECF No. 39. Plaintiff filed a reply. ECF No. 45.

  **1. Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

2. **Discussion**

    a. *Interference*

The Magistrate Judge found that while Plaintiff presented direct evidence of interference from her supervisor who told Plaintiff she would be fired if she took FMLA leave, she failed show she was damaged because she ultimately received the FMLA benefit. ECF No. 36 at 9. Because her other alleged damages are tied to the retaliation claim, not the interference claim, the Magistrate Judge recommends summary judgment on the interference claim. *Id.* at 10.

Neither party objects to the recommendation on the interference claim. ECF Nos. 39 at 1, 45 at 1 n.1. The Magistrate Judge's findings are therefore reviewed for clear error. Finding none, the court adopts this portion of the Report and incorporates it by reference.

### b. *Retaliation*

The Magistrate Judge recommends denying summary judgment on the retaliation claim, finding Plaintiff engaged in a protected activity, suffered an adverse employment action, and the temporal proximity is sufficient to show a causal link for the *prima facie* case. ECF No. 36 at 11. While Defendant has proffered a legitimate non-retaliatory reason for Plaintiff's termination, Plaintiff argues this was pretext. *Id.* at 12. The Magistrate Judge determined Plaintiff's evidence sufficient to raise a question of fact as to whether Defendant's reason was pretext for FMLA retaliation. *Id.* at 12-13.

Defendant objects to the Report, arguing no genuine issue of material fact exists as to whether its "legitimate basis for the actions at issue were pretext for retaliation." ECF No. 39 at 1. It contends no adverse action was taken against Plaintiff, because she was appointed to a new term with the Camden Post Office, retroactive to the earliest date possible after her prior appointment ended.[1] Defendant submits Plaintiff was not terminated prior to reinstatement, but her term "naturally expired" and (after resolution of a union grievance) she was appointed to a new term. *Id.* at 3. It argues that all CCAs in the Sumter office, including Plaintiff, were told they would likely be released "due to the potentially new full-time employees being reassigned to the Sumter Post Office" from Florence, causing an excess number of CCAs in Sumter. Plaintiff instituted a union grievance, and although she argues she did not request a new contract in the

---

[1] Plaintiff was employed by the Sumter Post Office as a City Carrier Assistant ("CCA"). A CCA is hired on a 360-day contract with USPS, and is required to take five days off at the end of the contract before becoming eligible for a new 360-day contract.

3

Camden Post Office, the grievance form states "CCA requested to be reinstated as a CCA in the Camden Post Office and does not want to come by [*sic*] to Sumter, Management + Union Agreeds [*sic*]." ECF No. 39-11. Plaintiff contends she did not retain her relative standing upon the transfer of offices, which was generally applied to all CCA positions upon transfer. *Id.* at 5-6. Defendant argues none of the evidence pointed to by the Magistrate Judge supports any conclusion other than Plaintiff's 360-day contract expired on April 7, 2015, and she was reinstated as a CCA in the Camden office effective April 13, 2015, after her mandatory five-day break in service. *Id.* at 9-11.

Plaintiff replied, arguing Defendant's objections were inappropriate as they are too general and raise new arguments, which is not allowed. ECF No. 45 at 6-7. She contends she was terminated "by way of an asserted non-renewal of an employment contract," and therefore suffered an adverse employment action. *Id.* at 8. She submits she has shown pretext by pointing out inconsistent explanations for the termination, and issues of fact "abound," precluding summary judgment. *Id.* at 11. She requests the court adopt the Report, deny summary judgment on the retaliation claim, and set the case for trial. *Id.* at 12.

i. Facts[2]

In January 2015, Plaintiff informed her supervisor, Gantt, she needed surgery and would have to be out of work. In response, Gantt told Plaintiff if "I go out and have surgery, she will fire me." ECF No. 34-1 at 11 (Plaintiff dep. at 52). Plaintiff submitted her FMLA leave request on

---

[2] The facts are presented in the light most favorable to Plaintiff.

February 22, 2015. ECF No. 34-5 at 2. Her request was approved for FMLA leave on March 13, 2015, retroactive to February 24 for six to eight weeks. ECF No. 36-7 at 2. This was updated to extend through May 13, 2015. ECF No. 34-8 at 2. On March 5, 2015, Gantt wrote a "notice of separation" letter to Plaintiff, notifying her of the break in service effective April 7, 2015, and stating she would not be reinstated as a CCA City Carrier in the Sumter Post Office. ECF No. 34-10 at 2. Plaintiff filed a union grievance in response, and on March 18, 2015, it was determined the termination letter would be rescinded. ECF No. 34-14 at 2.

On April 1, 2015, while Plaintiff was on FMLA leave and before her 360-day appointment period expired, she received another "notice of separation" letter, informing her that "due to the potentially new full time employees being reassigned to the Sumter Post Office, you will have the probability of being released for lack of work. This is expected to occur on or around April 28, thru May 16, 2015." ECF No. 34-15 at 2. On April 9, 2015, after Plaintiff's 360-day appointment expired, she contacted Gantt because she could not access her paystubs online. Gantt told Plaintiff she was "fired" and that Gantt had been instructed by her boss to fire Plaintiff. ECF No. 34-1 at 6 (Plaintiff dep. at 46).

Plaintiff was released to return to work on May 13, 2015. She then filed another union grievance due to her second termination, and was reinstated. ECF No. 34-19 ("Mngt agree to reinstate carrier to Camden office at full duty status as a CCA"). However, she was reinstated at the Camden Post Office instead of Sumter. She contends she lost seniority as well as wages from May 13, 2015 to June 13, 2015.

ii. Analysis

The court agrees with the Magistrate Judge's recommendation to deny summary judgment on the retaliation claim. Defendant has proffered inconsistent explanations regarding the reasons for the non-renewal of Plaintiff's contract. First, the documentation regarding her termination on April 7, 2015 stated "Termination (Non Career)," which is inconsistent with the description on a routine break-in-service form, which stated "Termination – Expiration of Appointm." ECF Nos. 34-16, 34-17. Second, Plaintiff's supervisor, Gantt, told her on April 9, 2015, she had been "fired" and that the direction to do so had come from Gantt's boss –not that her term expired. Third, once her FMLA leave concluded, Defendant only reinstated Plaintiff to a CCA position after a union grievance.[3] Fourth, although Defendant argues Plaintiff's reinstatement was backdated to April 13, the Notice of Reinstatement letter dated June 5, 2015, indicates her reinstatement "will be effective June 13, 2015." ECF No. 34-20. The record evidence Defendant cites in support of the reinstatement being effective April 13, 2015, also notes the position is in "Sumter PO," when Plaintiff's new position was at the Camden Post Office. ECF No. 39-3. Therefore, it appears that due to the non-renewal of her contract, Plaintiff was out of work between May 14, 2015 (when her FMLA leave ended) and June 13, 2015 (when she was reinstated as a CCA in Camden).

---

[3] Defendant argues Plaintiff may not pursue this action when she previously brought a union grievance. The court agrees with Plaintiff the authority cited by Defendant does not apply to this FMLA retaliation case.

6

3. **Conclusion**

Accordingly, after reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, Defendant's objections, and Plaintiff's reply, the court agrees with the Report as supplemented above, and therefore adopts and incorporates it in this Order. Defendant's motion for summary judgment (ECF No. 27) is granted in part as to the interference claim and denied on the retaliation claim. Jury selection is hereby set for May 21, 2020, with a Pretrial Conference on May 12, 2020 at 3:30pm.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 18, 2020